## In re CIANCIMINO.

*(Supreme Court, Special Term, New York County. November, 1890.)*

APPEAL—IN SPECIAL PROCEEDINGS—UNDERTAKING TO STAY EXECUTION—FORM.

An undertaking for staying an execution pending an appeal to the general term or court of appeals, in a special proceeding, must be in the form prescribed by Code Civil Proc. N. Y. § 1327, for staying proceedings on appeal from an order directing the payment of a sum of money, as the provisions of this section are rendered applicable to stay of proceedings on appeal in special proceedings, by sections 1351, 1360.

At chambers. Elizabeth G. Ciancimino instituted proceedings to set aside an election of officers by a corporation of which she was a member. Judgment was rendered against her for costs, and she appealed, and gave an undertaking to stay execution, conditioned that "appellant will pay all costs and disbursements which have been or may be awarded against said appellant, if such order and judgment shall be affirmed or the appeal be dismissed, together with all costs or damages which may be awarded against the appellant therein, not exceeding $500." Respondents except to the sufficiency of the sureties, as well as to the form of the undertaking.

Code Civil Proc. N. Y. § 1327, provides: "If the appeal is taken from a judgment for a sum of money, or from a judgment or order directing the payment of a sum of money, it does not stay the execution of the judgment or order until the appellant gives a written undertaking, to the effect that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed."

*Richard J. Morrisson*, for appellant. *A. P. & W. Man*, (*Charles C. Protheroe*, of counsel,) for respondents.

O'BRIEN, J. The appeal herein is from a final order in a special proceeding which awarded costs to the objecting respondents. Costs were taxed, and a *postea* or judgment added, and judgment was so entered against the petitioner, and an execution has been issued thereon. Against approving the undertaking given upon appeal to stay the execution two objections are urged: *First*, that the sureties are insufficient; and, *second*, that the form of the undertaking is not as prescribed by the Code. The first objection is untenable, the sureties upon examination having sufficiently justified. The remaining question is as to the proper form of undertaking to stay execution upon appeal to the general term. Section 1360 of the Code provides that the provisions (title 4, c. 12) relating to perfecting an appeal from an order shall apply. We are thus referred to section 1351 of the Code, which provides that "security is not required to perfect the appeal, but * * * the appeal does not stay the execution of the judgment or order appealed from unless the court in or from which the appeal is taken, or a judge thereof, makes an order directing such a stay. * * * If security is given * * * as a condition of granting the order, the provisions of title 2, c. 12, shall apply." We are thus again referred to section 1327 of the Code, which is the portion of title 2, c. 12, relating to the question as to the form of undertaking. It is evident, therefore, that an undertaking, when required to be given for the purpose of staying an execution upon an appeal to the general term or court

of appeals, must be as prescribed by section 1327, unless otherwise specially prescribed by law. The undertaking in this case submitted, it is conceded, does not conform to this section, and for this reason the objections thereto must be sustained. It would seem to be the proper practice, upon an appeal taken from an order of a judge to the general term, where it is sought to· stay the execution, to make the application to the court in or from which the appeal is taken, or a judge thereof, for such stay, upon terms as provided by section 1351 of the Code. For the reasons herein given the undertaking is not approved.